RULEY, JUDGE:
On the evening of March 20,1979, at approximately 9:00 p.m., the claimant was operating his 1978 Mercury automobile on Route 123 in Mercer County, West Virginia, headed toward his home in Princeton. As he came out of a curve to his right, his car struck a pothole located on the righty-hand side of his lane of travel. Claimant testified that he was unaware of the existence of the hole and did not see the same before he struck it. An estimate of repairs in the amount of $340.79 was introduced into evidence.
Claimant further testified that, on the following day, he returned to the scene of the accident and, upon measurement, *98 ascertained that the hole was 4 feet wide, 3M> feet long and 11 inches deep at its deepest point. He also stated that on the same day, the 21st, he called respondent’s headquarters in Princeton and reported the existence of the hole. The unindentified party with whom he spoke said that “they had had several reports on the hole.” No evidence was introduced as to when these reports were received by respondent in relation to the date and time of claimant’s accident.
The Court has on occasion made awards in pothole cases when it has been demonstrated that the respondent had knowledge, either actual or constructive, of the existence of a particular pothole. In cases where actual knowledge is established, the Court has required that the respondent, having received this knowledge, have sufficient time to repair the particular defect. Conceivably, the several reports received by respondent in this claim could have been received within an hour or two of claimant’s report, and of course, would have been subsequent to claimant’s accident. Accordingly, the Court must deny this claim.
Claim disallowed.